# United States Court of Appeals
# for the Fifth Circuit

———————

No. 20-30705
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN JACKSON HARKEY,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-35-1

———————

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

John Jackson Harkey appeals the 70-month within-guidelines sentence imposed following his guilty plea conviction for receipt or possession of an unregistered firearm.

———

\* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30705

Harkey first argues that the district court procedurally erred in finding that he was a "prohibited person" as defined by 18 U.S.C. § 922(g)(3) and thereby applying a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(B), and in imposing a six-level enhancement under § 2K2.1(b)(1)(C).[1]  Because Harkey did not raise these arguments in the district court, our review is limited to plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-62 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court did not plainly err in finding Harkey was a prohibited person under § 922(g)(3) based on his history of drug use or in applying the base offense level under § 2K2.1(a)(4)(B).  Harkey admitted he had used marijuana from the age of 18 until the time of his arrest at age 33 in the instant case; he had two prior convictions and additional arrests for possession of marijuana and possession of drug paraphernalia; and officers executing a search warrant for his residence found 22.4 grams of marijuana and $3,873 in cash, among other items.  Because Harkey did not object or present any competent rebuttal evidence to show that the information in the presentence report (PSR) concerning his drug use was materially untrue, inaccurate, or unreliable, *see United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010), the district court was entitled to rely on that evidence, *see United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010).  Based on that evidence, the district court did not plainly err in finding that Harkey was an "unlawful user" of marijuana whose drug usage had occurred "with regularity and over an extended period time."  *United States v. McCowan*,

---

[1] Because Harkey has not analyzed his argument concerning the § 2K2.1(b)(1)(C) enhancement or provided citations to the record or supporting legal authority, he has abandoned this issue by failing to brief it adequately on appeal. *See United States v. Tomblin*, 46 F.3d 1369, 1376 n.13 (5th Cir. 1995); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

469 F.3d 386, 392 (5th Cir. 2006) (internal quotation marks and citation omitted).

Relatedly, Harkey contends that his trial counsel rendered ineffective assistance in failing to object to the district court's alleged errors in calculating the guidelines range. Because Harkey did not raise this claim in the district court, the record is not sufficiently developed to fairly evaluate the merits of the claim at this time. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We decline to consider his claims without prejudice to his right to raise them on collateral review. *See id.*

Finally, Harkey argues that the 70-month sentence imposed by the district court was substantively unreasonable. After considering the PSR, Harkey's sentencing memorandum, the parties' arguments, his allocution, and the 18 U.S.C. § 3553(a) factors, the district court determined that a within-guidelines sentence was appropriate based on Harkey's disrespect for the law, his prior lenient sentences, his difficulty with behavior and anger management, his use and probable distribution of marijuana, and the recent road rage incident indicating he was a danger to the community. The within-guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Harkey's disagreement with the district court's balancing of the sentencing factors does not rebut that presumption. *See United States v. Koss*, 812 F.3d 460, 472 (5th Cir. 2016). Nor has he shown that the district court failed to account for a factor that should have received significant weight, that it gave "significant weight to an irrelevant or improper factor," or that it made "a clear error of judgment in balancing the sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Further, Harkey's argument based on sentencing disparity is insufficient to establish that his sentence was substantively unreasonable. *See United States v. Hernandez*, 633 F.3d 370, 379 (5th Cir. 2011).

AFFIRMED.